UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

VELOCITY INVESTMENTS, LLC

        Plaintiff/Counter Defendant,

v.

BRUCE LUTHER,

        Defendant/Counter Claimant.

Civil No. 25-2817 (JRT/SGE)

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTION, DENYING DEFENDANT'S OTHER MOTIONS AS MOOT, AND REMANDING TO STATE COURT

---

Amy M. Goltz, **GURSTEL LAW FIRM, P.C.**, 6681 Country Club Drive, Golden Valley, MN 55247, for Plaintiff/Counter Defendant.

Bruce Luther, 15430 Founders Lane, Apartment 319, Apple Valley, MN, 55124, *pro se* Defendant/Counter Claimant.

Plaintiff Velocity Investments, LLC ("Velocity") brought this case against Defendant Bruce Luther ("Luther") in state court seeking repayment of an alleged unpaid balance on a promissory note. Luther brought counterclaims alleging violations of various federal statutes and sought to remove the case to federal court under 28 U.S.C. §§ 1441 and 1446.

United States Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") recommending that the case be remanded to state court for lack of subject matter jurisdiction. After reviewing the R&R de novo, the Court will

remand the case to state court for lack of subject matter jurisdiction, and will deny the remainder of Luther's pending motions as moot.

## BACKGROUND

Velocity initiated this action against Luther in state court, seeking repayment of an alleged unpaid balance on a promissory note. (Summons and Compl., July 10, 2025, Docket No. 1-1.) Luther brought counterclaims alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., as well as other federal statutes. (Answer and Counterclaim, July 10, 2025, Docket No. 2.) Luther then filed a notice of removal. (Notice of Removal, July 10, 2025, Docket No. 1.)

On July 21, 2025, the Magistrate Judge issued an Order to Show Cause stating that the Court appeared to lack subject matter jurisdiction and ordered Luther to demonstrate why the matter should not be remanded to state court. (Order to Show Cause, July 21, 2025, Docket No. 11.) Luther responded, asserting that "[t]he violation and the federal question of jurisdiction arose on the face of the complaint filed by [Velocity]" because the very act of bringing the state court action against Luther violated federal law. (Response to Order to Show Cause, Aug. 1., 2025, Docket No. 15.)

On August 20, 2025, the Magistrate Judge issued an R&R recommending that the case be remanded to state court for lack of subject matter jurisdiction. (R&R, Aug. 20, 2025, Docket No. 18.) Luther timely objected, renewing his argument that removal is proper and that the Court has federal question jurisdiction under 28 U.S.C. § 1331,

because federal law prohibited Velocity from bringing its Complaint against Luther. (Obj. to R&R ("Obj."), Aug. 26, 2025, Docket No. 18.) Luther has filed four other motions since the R&R was issued.[1]

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Luther is proceeding pro se. A document filed by a pro se litigant must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit instructs courts to liberally construe general and conclusory pro se objections to R&Rs and to conduct de

---

[1] (Motion for Notice of Lack of Service and to Reserve Right to Respond to Docket 14, Sept. 2, 2025, Docket No. 20); (Motion to Strike Plaintiff's Docket 14 Filing, for Lack of Service, Procedural Defects, and Untimely Response to Counterclaim, Sept. 15, 2025, Docket No. 21); (Motion to Determine Standing and Statutory Limitation under 15 U.S.C. § 1692, et seq., Oct. 10, 2025, Docket No. 33); (Motion for Sanctions, Nov. 24, 2025, Docket No. 36).

novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.     ANALYSIS

The Magistrate Judge's R&R recommends that this case be remanded to state court for lack of subject matter jurisdiction. Luther argues that subject matter jurisdiction is proper under 28 U.S.C. § 1331.

The Court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* The well-pleaded complaint rule requires the federal question to be "disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936).

Luther objects to the Magistrate Judge's conclusion that this matter should be remanded to state court, alleging that he has properly removed the case based on federal question jurisdiction. Luther never argues that Velocity's complaint against Luther in state court presented a federal question such that the case could have been filed in federal court. Luther instead argues that the very act of Velocity filing the complaint

against Luther violated federal law, and therefore the federal question "appears on the face of the complaint, not through content but through identity and action." (Obj. at 2.)

But any alleged controversy involving federal law only appears in Luther's counterclaim, and it is well-established that federal question jurisdiction cannot form the basis for removal unless the federal question is raised in the complaint that began the case. *See, e.g.*, *Fed. Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986) ("That something happened later, such as the filing of a counterclaim based on federal law, does not make the suit removable.")  Because Velocity's complaint could not originally have been filed in federal court, the Court lacks subject matter jurisdiction.

The Court will therefore overrule Luther's objections, affirm the R&R, and remand the case to state court.  The Court will also deny the remainder of Luther's pending motions as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objection to the Report and Recommendation [Docket No. 19] is **OVERRULED**.

2. The Report and Recommendation [Docket No. 18] is **ADOPTED.**

3. This case is **REMANDED** to State of Minnesota District Court, First Judicial District, County of Dakota.

4. Defendant's Motion for Lack of Service [Docket No. 20], Motion to Strike [Docket No. 21], Motion to Determine Standing and Statutory Limitation

[Docket No. 33], and Motion for Sanctions [Docket No. 36] are **DENIED as moot.**

DATED:  December 2, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge